### JOHN BOYLE & CO. v. SCHUELER.

(Supreme Court, Appellate Term. May 27, 1909.)

JUDGMENT (§ 197*)—DISMISSAL—FAILURE OF PROOF.
  Where the complaint is dismissed for a failure of proof, which may be supplied on another trial, the order should be without prejudice to another action.

  [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 359; Dec. Dig. § 197.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John Boyle & Co. against John L. Emil Schueler. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Edgar N. Dollin, for appellant.

J. L. Emil Schueler (Peter R. Gatens, of counsel), for respondent.

LEHMAN, J. The action was brought upon an agreement between the defendant and George I. Semel, whereby the defendant agreed, in consideration of the sale to him by Semel of his business, to liquidate certain debts owing by the said Semel, including a debt to this plaintiff for the sum of $277.18. The defendant set up a general denial and a counterclaim, stating that the agreement to pay this debt was made by him solely upon the agreement of plaintiff to give him all the credit needed by him for one year.

The plaintiff introduced in evidence the agreement between Semel and defendant; and his credit man upon cross-examination, but over objection, conceded that he had agreed to give the defendant credit for one year, and also that he had stopped this credit before this action was brought on the ground that the defendant had bought more goods

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

than was reasonable.  At the close of plaintiff's case the trial justice dismissed the complaint upon the merits, stating that:

"It does not come up to that standard of law required under the proofs existing here."

The stenographer's minutes of the discussion leading up to this decision are incomplete, and it does not appear upon what ground the trial justice dismissed the complaint.  An examination of the record, however, discloses that the plaintiff had utterly failed to prove that the debt of $277.18 was at that time due and owing.  The defendant at no place pointed this out to the trial justice.  Nevertheless I think we are justified in believing that the justice correctly dismissed the complaint upon this ground.

This is, however, a mere failure of proof, which might be corrected upon another trial; and the judgment must be modified, to provide that the dismissal of the complaint is without prejudice to the plaintiff's right to begin a new action, and, as modified, is affirmed, without costs to either party.  All concur.